
FILED
DEC 13 2013
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> ANGELLA LEANN PARKER, <br><br> Defendant/Movant. | Cause No. CR 11-27-BU-DWM <br> CV 13-88-BU-DWM <br><br> ORDER DISMISSING MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On December 10, 2013, Defendant Angella Parker filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Parker is a federal prisoner proceeding pro se.

The motion is Parker's second under § 2255. *See* Mot. § 2255 (Doc. 113); Order (Doc. 133). The Court lacks jurisdiction to consider it. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

The Court of Appeals would have jurisdiction, but a transfer would not be in the interests of justice, 28 U.S.C. § 1631, because the petition lacks merit. Parker claims that the Supreme Court's recent decision in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013), provides her a right to relief. It does not. She was subject to a statutory mandatory minimum at sentencing, but the only fact giving rise to it was the quantity of methamphetamine involved in her offense. 21 U.S.C.

§ 841(b)(1)(B)(i); Indictment (doc. 1) at 2-3. Parker admitted she was responsible for more than 500 grams of methamphetamine, *see* Change of Plea Tr. (Doc. 128) at 21:9-12, which satisfies *Alleyne*, 133 S. Ct. at 2155, and *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10 (2000). *Alleyne*, therefore, does not confer any new right or result in Parker's case.

A certificate of appealability is not warranted. There is no doubt about either the procedural posture of this case, *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) or its lack of merit, 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Parker's second motion under 28 U.S.C. § 2255 (Doc. 137) is DISMISSED as an unauthorized second motion;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Parker files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-88-BU-DWM are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 13th day of December, 2013.

Donald W. Molloy
United States District Court