FILED
NOV 06 2014
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 11-27-BU-DWM |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR SENTENCE REDUCTION |
| ANGELLA LEANN PARKER, | (Amendment 782) |
| Defendant. | |

On November 3, 2014, Defendant Angella Parker filed a motion to reduce the sentence under 18 U.S.C. § 3582(c)(2), based on U.S.S.G. App. C Amendment 782 (eff. Nov. 1, 2014). Parker is a federal prisoner proceeding pro se.

At sentencing, Parker's guideline range was initially calculated at 121-151 months. After she was given the benefit of the safety valve, 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2, her total offense level was 30. With a criminal history category of I, Parker's advisory guideline range was 97-121 months. From that range, the Court varied downward by 25 months. On March 9, 2012, Parker was sentenced to serve 72 months in prison, to be followed by a five-year term of supervised release. Minutes (Doc. 76); Judgment (Doc. 78) at 2-3; Sentencing Tr. (Doc. 127) at 28:6-21, 43:18-44:9.

Parker now seeks a further reduction in the below-guidelines sentence she

1

received.

A defendant's sentence may be reduced when the Sentencing Commission lowers a sentencing range, but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statement" here is found in U.S.S.G. § 1B1.10. One provision under that guideline requires that a defendant's eligibility for the reduction be assessed on the basis of "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a)," U.S.S.G. § 1B1.10 Application Note 1(A), including the safety valve, U.S.S.G. § 5C1.2, see U.S.S.G. § 1B1.1(a)(8). The second relevant provision of the applicable policy statement prohibits the Court from reducing the sentence below "the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).[1]

The guideline range corresponding to Parker's offense level and criminal history category as determined under U.S.S.G. § 1B1.1(a) was 97-121 months. If Parker received a two-level reduction in her offense level of 30, the amended offense level would be 28. With a criminal history category of I, the amended guideline range would be 78-97 months. But Parker is serving a sentence of 72 months.

---

[1] There is an exception for defendants as to whom the United States filed a motion for reduction based on substantial assistance. U.S.S.G. § 1B1.10(b)(2)(B). No such motion was filed as to Parker.

2

Parker's existing sentence is already below the bottom of the guideline range that would apply if she received the two-level reduction under Amendment 782. Relief under the circumstances, therefore, is not authorized under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2) & (B). Her motion will be denied.

The Court will not entertain any motion for reconsideration or any further motion under Amendment 782. If Parker believes she should receive a reduction under the Amendment, her only recourse is to appeal this decision.

Accordingly, IT IS HEREBY ORDERED that Parker's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 (Doc. 140) is DENIED.

DATED this 6th day of November, 2014.

Donald W. Molloy
United States District Court